**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** a Texas resident,<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**ARNOLD & SMITH LAW, PLLC**, an Oklahoma Professional Limited Liability Company, **TODD W. ARNOLD,** an Oklahoma resident, and **DENNIS J. SMITH,** an Oklahoma resident,<br><br>***Defendants*.** | ) | 3:26-cv-309-LS |

**DEFENDANTS ARNOLD & SMITH LAW, PLLC, TODD W. ARNOLD, AND DENNIS J. SMITH'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(2), 12(b)(5), AND 12(b)(6)**

COMES NOW, Defendants Arnold & Smith Law, PLLC ("A&S"), Todd W. Arnold ("Arnold"), and Dennis J. Smith ("Smith") (collectively, the "A&S Defendants"), by and through their attorney, submit this Reply in support of their Motion to Dismiss Plaintiff Joshua Cacho's First Amended Complaint ("FAC").

## INTRODUCTION

Plaintiff's Response cannot cure the fundamental defect in the FAC: it seeks to hold A&S, Arnold, and Smith liable for conduct allegedly undertaken by JGW without pleading facts showing that any of these Defendants directed, controlled, authorized, or personally participated in that conduct. The Response repeats labels—"control," "authorization," "agency," and "ratification"—but still identifies no defendant-specific act by Arnold or Smith: no call they placed, no instruction they gave, no consumer they selected, no script they approved, no caller-identification practice they controlled, and no contractual or operational right they possessed to

control the manner and means of JGW's telemarketing. The declarations squarely deny those facts, and Plaintiff offers nothing that creates a genuine factual dispute.

More importantly, Plaintiff's own evidence undercuts the factual premise of his case. The certified transcript of the only call Plaintiff answered does not depict an unwilling consumer being solicited for legal services.[1] It depicts Plaintiff actively exploring and attempting to enroll in JGW's debt-resolution program. The call followed an inquiry Plaintiff had made. During the call, Plaintiff himself reopened the discussion and asked JGW to "give me some more information." He then negotiated which debts would be included, requested a longer payment term, agreed that the resulting monthly payment was "doable," selected November 15 as his first payment date, and voluntarily provided his routing and account information so the enrollment could proceed. Only after Plaintiff had done all of that did JGW transmit the agreement containing the legal services component. No A&S lawyer participated in the call. Neither Arnold nor Smith was mentioned. And the only reference to legal services before the agreement was sent was an $18-per-month legal-protection plan that JGW expressly disclosed was optional.

That chronology matters. Plaintiff asks the Court to infer an unlawful solicitation of professional employment from a recorded transaction in which Plaintiff requested information, negotiated the deal, agreed to its economics, selected his payment date, and supplied his banking information before he ever received a legal-services agreement. When Plaintiff later changed his mind and instructed JGW to "cancel everything," the enrollment ended. The transcript therefore does not merely fail to support Plaintiff's solicitation theory; it affirmatively contradicts it.

---

[1] A certified transcript of the October 28, 2025 call is attached as **Exhibit 1**. SpeakWrite, LLC certifies that a qualified transcriptionist personally performed the transcription and that it is accurate and complete to the best of SpeakWrite's knowledge and ability and accurate under penalty of perjury. Financial account information has been redacted pursuant to Fed. R. Civ. P. 5.2(a)(4).

The jurisdictional theory fares no better. Plaintiff's December 2023 email exhibit may establish that Smith knew Plaintiff's identity from separate, adversarial litigation. It does not establish a suit-related Texas contact, much less that Smith—or Arnold—caused JGW to contact Plaintiff nearly two years later. The declarations remain unrebutted on the facts that matter neither individual placed, directed, selected, authorized, or participated in the challenged call, and neither possessed the right to control JGW's operations.

What remains is an effort to convert JGW's conduct into liability for three different Defendants through collective allegations and agency labels unsupported by facts showing actual control or personal participation. Neither Rule 8 nor personal-jurisdiction doctrine permits that leap. And Plaintiff's own transcript makes the leap more—not less—implausible.

## ARGUMENT

### I. PLAINTIFF HAS NOT ESTABLISHED PERSONAL JURISDICTION OVER ARNOLD OR SMITH.

On a Rule 12(b)(2) motion decided without an evidentiary hearing, Plaintiff bears the burden to make a prima facie showing of personal jurisdiction. The Court accepts uncontroverted jurisdictional allegations as true and resolves genuine factual conflicts in Plaintiff's favor. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). But when a defendant submits evidence disputing jurisdictional facts, a plaintiff may not rest on conclusory allegations; he must present facts supporting jurisdiction.

Jurisdiction must also be established as to each defendant individually. "Each defendant's contacts with the forum State must be assessed individually." *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 441 (5th Cir. 2025) (quoting *Calder v. Jones*, 465 U.S. 783, 790

(1984)). And "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

The FAC does not identify any suit-related Texas contact created by Arnold or Smith personally. It alleges no call by either man, no communication by either man concerning the October 28 calls, no instruction by either man to contact Plaintiff, and no act by either man selecting Plaintiff or his telephone number. The declarations deny precisely those acts and deny any personal right to control JGW's call-center operations, scripts, call lists, caller-ID practices, employees, or timing and frequency of calls. Plaintiff offers no evidence connecting either individual to those activities.

Plaintiff's reliance on Smith's December 2023 email does not change the analysis. The email arose from separate litigation *initiated by Plaintiff* directed towards Smith and, at most, shows that Smith knew Plaintiff's identity and Texas residence. Specific jurisdiction turns on contacts that the defendant himself creates with the forum and that give rise to or relate to the present claims. *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014). Knowledge of a forum resident is different from purposeful, suit-related conduct directed into the forum. The prior email therefore does not establish that Smith caused or participated in JGW's later calls.

Nor do the signatures on A&S's standard attorney-client agreement supply the missing contacts. Both Arnold and Smith state that any signature appears solely in a representative capacity for A&S. The FAC does not allege that either individual personally transmitted the agreement to Plaintiff. Plaintiff instead alleges that the enrollment materials came from a JGW email address after communications with JGW representatives. A corporate-capacity signature on a form agreement does not establish that the signer personally directed the telemarketing that preceded its transmission.

Plaintiff's agency theory cannot cure the jurisdictional defect because, as discussed below, he has not pleaded facts establishing the required right of control. Without a sufficient basis to attribute JGW's conduct to Arnold or Smith individually, JGW's Texas calls are not their personal forum contacts. The claims against Arnold and Smith should therefore be dismissed under Rule 12(b)(2).

## II. THE UNTIMELY SERVICE ON ARNOLD AND SMITH IS AN INDEPENDENT GROUND FOR DISMISSAL UNDER RULES 12(b)(5) AND 4(m).

Plaintiff belatedly served Arnold and Smith on August 20, 2026, more than eighty days after the deadline for service had expired and without ever seeking an extension. [Doc. 18 and Doc. 19]. That late service does not defeat the objection; it confirms it.

Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed; if not, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and must extend the time only "if the plaintiff shows good cause for the failure." (Fed. R. Civ. P. 4). Plaintiff's original Complaint named Arnold and Smith in early 2026, and the 90-day period lapsed months before the August 20, 2026, service reflected in the returns. Plaintiff never moved to extend the time for service and has never attempted to show good cause for the delay.

On those facts, dismissal is warranted. If good cause exists, an extension is mandatory; but where, as here, "good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996). And the Fifth Circuit has squarely held that "[o]nce [the plaintiff] admitted lack of good cause and failed to ask the court for an extension of time, the court [is] under no obligation to exercise its discretion" to excuse the default. *Id*. Plaintiff let the deadline pass, served Arnold and Smith more than eighty days late, and has neither requested additional time

nor shown cause for the delay. The claims against Arnold and Smith should therefore be dismissed under Rules 12(b)(5) and 4(m).

## III. THE FAC DOES NOT PLAUSIBLY PLEAD THAT JGW ACTED AS AN AGENT OF THE A&S DEFENDANTS.

Every substantive claim against the A&S Defendants depends on attributing JGW's calls to them. That requires facts supporting an agency relationship. "An essential element of agency is the principal's right to control the agent's actions." *Christiana Tr. v. Riddle*, 911 F.3d 799, 803 (5th Cir. 2018). Allegations that a defendant "was able to control—and did control" another actor are legal conclusions when unsupported by facts showing the actual right of control. *Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006-D, 2018 WL 4075722, at *7–8 (N.D. Tex. Aug. 27, 2018).

The FAC alleges that the A&S Defendants instructed JGW which states to call, established consumer qualifications, approved scripts, controlled referral timing and volume, and provided access to a portal or database. But it does not identify who gave an instruction, when any instruction was given, what script was approved, what contractual provision granted a right to control JGW, or how any of those generalized allegations connects Arnold or Smith to Plaintiff's October 28 calls. Pleading the ultimate propositions needed to establish control does not supply the underlying facts Rule 8 requires.

The declarations deny the missing control facts. Smith states that he never managed JGW employees, controlled JGW's call center or marketing department, determined whom JGW should contact, instructed JGW about the timing or content of calls, or possessed a contractual right to control the manner and means of JGW's business. Smith Decl. ¶¶ 75–89. Arnold materially provides the same testimony. The existence of a referral relationship or form agreement does not itself establish operational control.

The transcript of Plaintiff's only phone call reinforces the distinction. The call begins with "Caleb with JG Wentworth," and the specialist identifies himself as "Lewis with JG Wentworth." The discussion concerns JGW's debt-resolution program. Near the end, Lewis states that the monthly payment includes an optional $18 legal protection charge. No A&S attorney speaks, and the transcript contains no reference to Arnold, Smith, or "Arnold & Smith Law." Mr. Cacho offers his routing and account number for this purchase.[2] The enrollment materials are then sent as a JG Wentworth DocuSign transmission. That sequence may show a commercial relationship; it does not plausibly show that A&S controlled the manner and means of JGW's telemarketing.

Plaintiff's request for discovery underscores the deficiency rather than curing it. His assertion that the compensation or control arrangements are "uniquely within Defendants' possession" is not a pleaded fact establishing agency. Rule 8 requires enough factual matter to cross the line from possibility to plausibility before the parties undertake merits discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Apparent authority and ratification fail for related reasons. Apparent authority must be traceable to manifestations of the alleged principal, not merely statements by the alleged agent. Ratification requires knowledge of the material facts and acceptance of the challenged conduct or its benefits. *See Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 20046134, at *4–5 (W.D. Tex. Jan. 26, 2022). Plaintiff identifies no manifestation by Arnold or

[2] What is truly remarkable about the call is that it demonstrates the opposite of the solicitation theory Plaintiff now pleads. Mr. Cacho sought out the information himself. Far from portraying an unwilling consumer being pursued for legal services, the recording captures Plaintiff launching into a profanity-laced diatribe about credit-card companies, expressing interest in the proposed services, and ultimately tendering his banking information to purchase the very services over which he now sues. The irony is difficult to miss. As the observation often attributed to Einstein puts it: "Genius may have its limitations, but stupidity is not thus handicapped." *See* **Exhibit 1**.

Smith personally holding JGW out as their agent for telemarketing, and the declarations deny knowledge of or participation in the challenged calls. Plaintiff also cancelled the enrollment before becoming a client or paying any fee. Plaintiff also cancelled the enrollment before becoming a client or paying any fee. The FAC therefore does not plausibly plead actual authority, apparent authority, or ratification.

**IV. PLAINTIFF'S STATUTORY CLAIMS FAIL FOR THE SAME DEFENDANT-SPECIFIC REASON.**

Chapter 302 regulates a "seller," defined as a person who makes a telephone solicitation on the person's own behalf, and a seller's salesperson. Tex. Bus. & Com. Code §§ 302.001, 302.101, 302.202. The FAC identifies JGW representatives as the callers. A&S can be treated as the seller behind those calls only if Plaintiff plausibly pleads a basis to attribute JGW's conduct to A&S. He has not. And the FAC pleads still less to make Arnold or Smith individually a seller or salesperson. The presence of an A&S agreement in a JGW enrollment packet itself does not establish that any A&S Defendant made or controlled the challenged solicitation.

Plaintiff's caller-identification theory is likewise directed at the telemarketer that makes the call and causes caller-identification information to be transmitted. *See* Tex. Bus. & Com. Code § 304.151. The FAC alleges that JGW placed the calls and that the displayed number was associated with an unrelated third party. It does not plead facts showing that A&S, Arnold, or Smith owned, selected, programmed, supplied, or controlled that number, or directed JGW to transmit misleading caller-identification information. Without a plausible agency or participation theory, Chapter 304 does not reach these Defendants on the pleaded facts.

## V. PLAINTIFF DOES NOT STATE A CIVIL BARRATRY CLAIM AGAINST THE A&S DEFENDANTS.

Government Code § 82.0651(c) permits an action by a person who was solicited by conduct violating Texas Penal Code § 38.12(a) or (b) but did not enter a legal-services contract. The predicate is prohibited solicitation of professional employment. *See Nguyen v. Watts*, 605 S.W.3d 761, 779–80 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Section 38.12(b), in turn, requires a predicate violation of subsection (a). *Pohl v. Cheatham*, 718 S.W.3d 173, 182–83 (Tex. 2025).

The transcript does not show that Arnold or Smith solicited Plaintiff. It shows a JGW debt-resolution sales call that Plaintiff generated through an information request. The only legal-services reference is Lewis's statement that an $18-per-month legal-protection plan was included in the quoted payment but was "optional." A&S is not named during the call, no lawyer participates, and Plaintiff then tells JGW to "cancel everything." Those facts do not plausibly show that Arnold or Smith personally solicited professional employment, paid a runner to solicit Plaintiff, knowingly financed a prohibited solicitation, or knowingly accepted employment resulting from one.

The same deficiency applies to A&S. Plaintiff must still plausibly connect the alleged prohibited solicitation to the firm through authorization, agency, or ratification. A form attorney-client agreement transmitted by JGW after a JGW sales call may establish that legal services were contemplated as part of the enrollment materials; it does not, standing alone, establish that A&S directed or knowingly authorized unlawful solicitation. Plaintiff's conclusory allegations of payment and control do not supply the missing facts.

## VI. PLAINTIFF'S AUTHORITIES DO NOT CURE THE MISSING AGENCY AND PARTICIPATION ALLEGATIONS.

Plaintiff cites telemarketing cases recognizing that a seller may, in appropriate circumstances, be held responsible for calls made by an agent. Defendants do not dispute that general proposition. The issue is whether this FAC pleads the facts necessary to invoke it. *See, e.g.*, *Callier v. Tip Top Cap. Inc.*, No. EP-23-CV-437-KC, 2024 WL 1637535 (W.D. Tex. Apr. 16, 2024); *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-CV-00235-FM, 2023 WL 7393129 (W.D. Tex. Nov. 8, 2023). Those decisions do not eliminate the requirement to plead an agency relationship or defendant-specific participation. To the contrary, they illustrate why allegations of actual direction, control, or personal oversight matter. Here, Plaintiff supplies conclusions about control but no facts identifying the exercise or source of that control.

Nor does the mere fact that A&S may benefit from referrals establish agency. *Callier v. National United Group* rejected the proposition that benefiting from calls alone establishes an agency theory and reiterated that apparent authority must be traceable to the principal's conduct. 2022 WL 20046134, at *4–5. Plaintiff's authorities state rules that the FAC does not satisfy.

## VII. FURTHER AMENDMENT SHOULD BE DENIED AS FUTILE.

Plaintiff's *pro se* status does not excuse the failure to plead plausible claims. More importantly, Plaintiff has already been given an opportunity to amend after Defendants identified these deficiencies; *pro se* status is not a basis for serial amendment when the amended pleading still fails to cure them.

## CONCLUSION

**WHEREFORE**, for these reasons and those stated in the Motion, the A&S Defendants respectfully request that the Court: (1) dismiss all claims against Arnold and Smith under Rule 12(b)(2) for lack of personal jurisdiction; (2) independently dismiss the claims against Arnold

and Smith under Rule 12(b)(5) for insufficient service of process; (3) dismiss all claims against the A&S Defendants under Rule 12(b)(6), with prejudice and without further leave to amend; and (4) grant all other relief to which they are entitled.

Dated: September 4, 2026

Respectfully submitted,

/s/ Robert R. Titus
Robert R. Titus, SBN 24081470
**TITUS LAW FIRM, LLC**
7304 W. 130th Street, Suite 190
Overland Park, Kansas 66213
T (913) 359-6641
F (913) 599-9238
rob@tituslawkc.com
***Attorney for Defendants Arnold & Smith Law, PLLC, Todd W. Arnold, and Dennis J. Smith***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading or document has been served via court e-filing service upon all attorneys of record and any parties who are not represented by an attorney on September 4, 2026.

**JOSHUA CACHO**
P.O. Box 26971
El Paso, Texas 79926
(915) 383-4604
***Plaintiff, Pro Se***

**FREEMAN, MATHIS & GARY LLP**
Mike Prather Texas Bar No. 24034634
1800 West Loop South, Suite 1110
Houston, TX 77027
Phone No. (832) 371-6036
Fax: (833) 465-1774
Mike.Prather@fmglaw.com
***Attorneys for Defendant JGW***

*\/s/ Robert R. Titus*
Robert R. Titus, SBN 24081470
***Attorney for Defendants Arnold & Smith Law, PLLC, Todd W. Arnold, and Dennis J. Smith***