**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** a Texas resident, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **3:26-CV-00309-LS** |
| | § | |
| **JGW DEBT SETTLEMENT, LLC, ET AL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANTS' NONCOMPLIANT MOTION TO DISMISS**

TO THE HONORABLE JUDGE LEON SCHYDLOWER:

Plaintiff Joshua Cacho respectfully moves the Court to strike Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 16, in its entirety because it exceeds the page limitation imposed by Local Rule CV-7(c)(2), and Defendants neither sought nor obtained leave to file an oversized motion. Plaintiff further requests that the Court vacate the hearing set on the noncompliant Motion, without prejudice to Defendants filing a motion that complies with the Local Rules.

1. Local Rule CV-7(c)(2) provides that, unless otherwise authorized by the Court, motions other than discovery and case-management motions are limited to twenty pages. The rule excludes only the caption, signature block, certificates, and accompanying documents from that limitation.

2. Defendants filed a twenty-six-page Motion to Dismiss under Rules 12(b)(2), 12(b)(5), and 12(b)(6). ECF No. 16. The Motion contains substantive briefing throughout pages 1 through

26. ECF No. 16 at 1-26. Page 26 begins by completing Defendants' request that the Court dismiss the claims under Rules 12(b)(2), 12(b)(5), and 12(b)(6), with prejudice and without further leave to amend, and grant other relief. Id. at 26. The signature block appears only after that substantive request for relief. Thus, even after excluding the caption and signature block as required by CV-7(c)(2), the Motion contains several pages of substantive briefing beyond the twenty-page limit.

3. The overage is material. Page 20 of the Motion ends in the middle of Defendants' barratry argument. ECF No. 16 at 20. Pages 21 through 26 then complete that argument and present additional substantive briefing, including separate sections addressing individual liability, liability of Arnold & Smith Law, PLLC for JGW's conduct, futility of amendment, and dismissal with prejudice. Id. at 21-26. This material is not a certificate, signature block, or accompanying document.

4. Plaintiff has located no motion requesting leave to exceed the page limitation and no order authorizing Defendants to do so. Defendants therefore obtained several additional pages of merits briefing without prior authorization, while Plaintiff complied with the applicable limit in his sixteen-page response. Plaintiff's decision to respond to the entire Motion did not waive Defendants' violation or retroactively authorize the excess pages.

5. The violation is especially prejudicial here. The Court set a hearing on this substantial dispositive motion on approximately one week's notice. Plaintiff requested a one-week continuance because of unexpected and serious circumstances involving his dog – which is Plaintiff’s family over more than 12 years now; Defendants did not oppose the request, but it was denied. Although Plaintiff filed a timely response addressing the entire Motion, he must now prepare for oral argument on an unauthorized oversized motion seeking dismissal with prejudice.

6. Filing by the Clerk does not excuse compliance with CV-7(c)(2) or retroactively authorize excess pages. Plaintiff raises this issue promptly after identifying it and before oral argument. Striking the Motion without prejudice is appropriate because it enforces the Local Rules while preserving Defendants' ability to file a compliant motion.

**PRAYER**

Plaintiff respectfully requests that the Court strike Defendants' Motion to Dismiss, ECF No. 16, in its entirety for failure to comply with Local Rule CV-7(c)(2), without prejudice to Defendants filing a compliant motion. Plaintiff further requests that the Court vacate the hearing set on the noncompliant Motion and grant all other relief to which Plaintiff may be entitled.

**CERTIFICATE OF CONFERENCE**

Before filing this motion, Plaintiff contacted Defendants' counsel by email on September 16, 2026, and requested that Defendants agree to withdraw ECF No. 16 and file a motion that complies with Local Rule CV-7(c)(2). As of the time of filing, Defendants' counsel had not responded. Accordingly, the motion is treated as Opposed.

September 16, 2026,

Respectfully submitted,

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, the foregoing was served on all counsel of record through the Court's electronic filing system.

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se