**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO, a Texas resident,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **3:26-CV-00309-LS** |
| | § | |
| **JGW DEBT SETTLEMENT, LLC, ET AL,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STRIKE DEFENDANTS' NONCOMPLIANT MOTION TO DISMISS**

Plaintiff Joshua Cacho respectfully replies to Defendants' Response, ECF No. 25. Defendants attribute an improper motive to Plaintiff while failing to demonstrate that their dismissal motion complies with Local Rule CV-7(c)(2). Plaintiff discovered the excessive length while reviewing the motion and preparing for the hearing on September 16, 2026. He raised the issue that same day. His motion seeks enforcement of the page limitation, not reconsideration of the denial of his continuance request.

### I. Plaintiff raised the violation upon discovering it.

Plaintiff did not file his motion to strike as a tactic to delay the hearing after his continuance request was denied. On September 16, while reviewing Defendants' motion in preparation for oral argument, Plaintiff recognized that its substantive briefing exceeded the applicable page limitation. He then contacted opposing counsel and filed his objection before the hearing. The sequence of filings does not establish Defendants' asserted improper purpose.

The two motions rest on different grounds. Plaintiff requested a continuance because unexpected medical circumstances involving his dog affected his preparation. His motion to strike concerns Defendants' compliance with a briefing requirement. The denial of the former did not resolve the latter.

Plaintiff requested that the hearing on the dismissal motion be vacated as a consequence of striking that motion. He expressly requested striking without prejudice to a compliant filing. ECF No. 24 at 3. That requested consequence does not transform a page-limit objection into a disguised request for reconsideration.

Defendants also suggest that Plaintiff's ability to prepare a short procedural motion contradicts his request for additional preparation time. ECF No. 25 at 5. It does not. Plaintiff's efforts to meet his obligations despite difficult circumstances are consistent with his request for additional time to prepare for substantive oral argument.

**II. The objection concerns substantive briefing, not excluded material.**

Defendants contend that Plaintiff reaches twenty-six pages only by counting material excluded under CV-7(c)(2). ECF No. 25 at 2. That mischaracterizes the motion to strike, which expressly acknowledges the exclusions and identifies substantive material continuing through page 26. ECF No. 24 at 1–2.

Pages 2 through 25 of ECF No. 16 alone comprise twenty-four pages of substantive briefing, without counting either the first or last page. Pages 21 through 24 contain additional arguments concerning individual liability, A&S's responsibility for JGW's conduct, and futility of amendment. Page 25 contains substantive concluding argument, and page 26 completes the

requested relief before the signature block. ECF No. 16 at 21–26. Excluding the caption, signature block, and certificates therefore does not bring the motion within twenty pages.

Defendants identify no authorization obtained before filing the oversized motion. Instead, they now request retroactive leave. ECF No. 25 at 4. That request asks the Court to excuse the overage; it does not establish that the original filing complied.

**III. Plaintiff requests enforcement of CV-7, not relief under Rule 12(f).**

Defendants devote substantial argument to Rule 12(f), which addresses striking matter from pleadings. Plaintiff's motion does not invoke Rule 12(f). It invokes Local Rule CV-7(c)(2) and asks the Court to enforce its requirements governing motion practice.

Plaintiff acknowledges the Court's discretion over administration of its docket, including under Local Rule CV-1(e). But discretion to excuse noncompliance does not establish that the Court lacks authority to enforce the limitation.

Indeed, Defendants themselves describe *Martinez* as striking an oversized brief and permitting a compliant refiling. ECF No. 25 at 3. Without adopting Defendants' characterization of that decision beyond their own description, the remedy they identify is consistent with Plaintiff's express request to strike without prejudice to a compliant filing. Plaintiff does not seek to prevent Defendants from presenting their dismissal arguments in a compliant motion.

**IV. Plaintiff's response on the merits did not authorize excess briefing.**

Plaintiff acknowledges that he responded to the entire dismissal motion. He does not contend that the overage prevented him from filing that response. His objection concerns

Defendants' presentation of several additional pages of substantive argument without authorization while Plaintiff complied with the applicable limitation.

CV-7(c)(2) does not condition its page limitation on an opposing party's inability to respond. Nor does it specify that filing a merits response authorizes an otherwise oversized motion. Plaintiff respectfully asks the Court to consider compliance independently of Defendants' characterization of his motives.

Defendants identify no specific deadline that Plaintiff missed for raising this local-rule objection. Plaintiff raised it upon recognizing the issue and before oral argument. Although the Court may consider the timing in exercising its discretion, the timing does not eliminate the underlying overage.

**V. Plaintiff's conference effort does not establish an improper purpose.**

Plaintiff acknowledges that counsel had a short interval to respond before filing. The issue was identified on the eve of the hearing, and Plaintiff sought to bring it before the Court before argument. His certificate accurately disclosed that counsel had not responded and treated the motion as opposed. ECF No. 24 at 3.

Plaintiff did not represent that Defendants agreed to withdraw their motion or that an actual conference had occurred. He respectfully asks the Court to evaluate the disclosed effort in light of the imminent hearing. The limited interval does not establish that the page-limit objection was manufactured to delay proceedings.

**PRAYER**

Plaintiff respectfully requests that the Court deny Defendants' request for retroactive leave to exceed the page limitation, grant Plaintiff's motion to strike ECF No. 16 in its entirety without prejudice to Defendants filing a compliant motion, vacate the hearing on that motion, and grant all other relief to which Plaintiff may be entitled.

September 17, 2026,

Respectfully submitted,

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2026, the foregoing was served on all counsel of record through the Court's electronic filing system.

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se